IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALEXANDER MILLAN,<br><br>       Plaintiff,<br><br>v.<br><br>THE CBE GROUP, INC.,<br><br>       Defendant. | Case No.  3:18-cv-00353 |

## COMPLAINT

NOW COMES, ALEXANDER MILLAN, through counsel, SULAIMAN LAW GROUP, LTD., complaining of THE CBE GROUP, INC., as follows:

## NATURE OF THE ACTION

1.     This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.; Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Texas Debt Collection Act ("TDCPA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 with respect to Plaintiff's FDCPA claims.

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims.

4.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1334 with respect to Plaintiff's TDCPA claims.

5. Venue is proper in this judicial district as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## PARTIES

6. ALEXANDER MILLAN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 2804 Bear Rock, El Paso, Texas 79938.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1)

10. THE CBE GROUP, INC. ("CBE") operates as a credit information and accounts receivable management company in the United States. The company offers a range of debt collection services that include first-party services consisting of early-out self pay recovery, insurance follow-up, payment monitoring, pre-disconnect and pre-charge off, third-party services comprising of primary bad debt collection, secondary bad debt collection, tertiary bad debt collection, default aversion and prevention and litigation support. It serves guaranty agencies, colleges and universities, healthcare organizations, financial institutions, satellite and telecommunications companies, government agencies and utilities. The CBE Group, Inc. was formerly known as Credit Bureau Enterprises, Inc. and changed its name to The CBE Group, Inc. in 1998. The company was founded in 1933 and is based in Cedar Falls, Iowa with additional location in Waterloo, Iowa. The CBE Group, Inc. operates as a subsidiary of CBE Companies, Inc.

11. CBE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. CBE uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

13. CBE is a "person" as defined by 47 U.S.C. § 153(39).

14. CBE is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

15. CBE is a "third-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(1).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 7540.

17. At all times relevant, Plaintiff's number ending in 7540 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

18. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

19. In October 2018, Plaintiff fell subject to CBE's collection call campaign as it attempted to collect debt owed by an individual named "Kevin."

20. Upon information and belief, this debt owed is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. Upon information and belief, this debt owed is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

22. On multiple occasions, Plaintiff answered CBE's *daily* phone calls. Each time, Plaintiff was greeted by clear pause prior to being connected to CBE's representative.

23. Each time, CBE's representative asked to speak to Kevin.

24. Each time, Plaintiff simply hung up.

25. Finally, on November 2nd or 3rd, Plaintiff answered, informed CBE he was not Kevin, then requested that they stop calling.

26.     Despite having notice they were calling Plaintiff and not Kevin, CBE continues to call Plaintiff's cellular telephone.

## DAMAGES

27.     CBE's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

28.     CBE's telephone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

29.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d(5)

30.     Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. §§ 1692d(5).

31. CBE violated 15 U.S.C. §§ 1692d(5) by calling Plaintiff everyday despite Plaintiff informing CBE that they were calling the wrong party.

32. CBE's behavior of repeatedly calling Plaintiff was abusive, harassing, and oppressive.

## Violation of 15 U.S.C. §§ 1692e and e(2)

33. Section 1692e provides:

[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt.

15 U.S.C. §§ 1692e, d(2).

34. Merely dunning a person who is not legally obligated to pay the debt makes the debt collector liable under the FDCPA as a matter of law because it is, *ipso facto*, a false representation about the character of the debt. *See Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991).

35. CBE violated 15 U.S.C. §§ 1692e and e(2) by targeting Plaintiff with collection calls in an effort to collect debt owed by an individual named Kevin.

36. Plaintiff may enforce the provisions of 15 U.S.C. §§1692d(5), e and e(2) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to

comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that CBE violated 15 U.S.C. §§1692d(5), e and e(2);

B.     an award of any actual damages sustained by Plaintiff;

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

37.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

38.     CBE placed or caused to be placed no less than 15 non-emergency calls, including but not limited to the aforementioned phone calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

39. Upon information and belief, based on the lack of prompt human response, CBE employed an ATDS to place calls to Plaintiff's cellular telephone.

40. Upon information and belief, the ATDS employed by CBE transfers the call to a live representative once a human voice is detected, hence the clear pause.

41. Upon information and belief, CBE acted through its agents, employees, and/or representatives at all times relevant.

42. As a result of CBE violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

43. As a result of CBE's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that CBE violated 47 U.S.C. § 227 *et seq*.;

B. an order enjoining CBE from placing any further calls to Plaintiff's cellular telephone number ending in 7540 in the future;

C. an award of statutory damages of at least $500.00 for each and every violation;

D. an award of treble damages of up to $1,500.00 for each and every violation; and

E. an award of such other relief as this Court deems just and proper.

## COUNT III:
**Texas Debt Collection Practices Act (Tex. Fin. Code Ann. § 392.001 *et. seq.*)**

44. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Tex. Fin. Code Ann. § 392.302(4)**

45. Subsection 392.302(4) of the Texas Finance Code provides:

> [i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:
>
> > (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

46. CBE violated Tex. Fin. Code Ann. § 392.302(4) by making repeated or continuous telephone calls despite Plaintiff informing CBE that they were calling the wrong party.

47. CBE's behavior of repeatedly calling Plaintiff was abusive, harassing, and oppressive.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that CBE violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

November 19, 2018                                   Respectfully submitted,

*/s/ Nathan C. Volheim*

Nathan C. Volheim
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200

Lombard, Illinois 60148
+1 630-575-8181
nvolheim@sulaimanlaw.com

*Counsel for Alexander Millan*